## THE FIFTY ASSOCIATES *vs.* MALACHI HOWLAND.

A lease for five years contained this clause: "Provided always, and these presents are upon this condition, that if the lessee, or his representatives, shall neglect or fail to perform and observe any or either covenant, which on his or their part is to be performed, then the lessor lawfully may immediately, or at any time thereafter, and whilst such neglect or default continues, and, without further demand or notice, enter into and upon the said premises, repossess the same as of his former estate, and expel the lessee:" The lessee failed to pay rent according to his covenant, and the lessor entered for condition broken. *Held,* that this clause in the lease was a condition, and not a conditional limitation; that the lessee's estate was not determined by his failure to pay rent, but by the lessor's entry, if that entry was legally made.

When a lessee's estate is determined by the lessor's entry for breach of the condition of the lease, the lessor cannot maintain an action against the lessee, on the Rev. Sts. c. 104, to recover possession of the demised premises.

THIS was an action on the Rev. Sts. *c.* 104, § 2, commenced in the justices' court for the county of Suffolk, on the 11th of September 1844, to recover possession of a shop in Franklin Street, in Boston, and carried from that court to the court of common pleas. At the trial in the latter court, before *Merrick,* J. it appeared that said shop, with other premises, was leased by the plaintiffs (a corporation established by

*Sts.* 1819, *c.* 138, and 1823, *c.* 15) to Alfred Randall, for the term of five years from the 30th of April 1840, at a rent payable quarter yearly; the first payment to be made on the 1st of September 1840: That the lease contained a provision that the lessee should not underlet any part of the leased premises, without first obtaining the consent of the lessors so to do; and that it also contained the following clause: " Provided always, and these presents are upon this condition, that if the lessee, or his representatives or assigns, do or shall neglect or fail to perform and observe any or either covenant which on his or their part is to be performed, then, and in either of said cases, the said lessors, or those having their estate in the said premises, lawfully, may immediately, or at any time thereafter, and whilst such neglect or default continues, and without further notice or demand, enter into and upon the said premises, or any part thereof in the name of the whole, repossess the same as of their former estate, and expel the said lessee and those claiming under him, and remove their effects, (forcibly if necessary,) without being taken or deemed guilty of any manner of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent, or preceding breach of covenant."

It was agreed by the parties, that the defendant was in possession of the shop, under Randall, the lessee, with the consent of the plaintiffs.

A witness called by the plaintiffs testified that he was their agent, and that on the 2d of September 1844, (the 1st day of said September, on which a quarter's rent became due, being Sunday,) between ten and eleven o'clock, A. M., he went into the shop, with the lease in his hand, and inquired for Randall, the lessee, but could not find him, nor ascertain where he could be found; that he then demanded of the defendant's wife, who kept the shop, (and whose husband was absent,) payment of a quarter's rent, which was refused; that he then stated to her that he should be obliged to enter for breach of the condition of the lease, unless the rent should be paid; that he then went to another part of the leased premises, and

demanded the rent of the person whom he found in possession; that he then went to part of said premises, which he found closed, and called for Randall to come and pay his rent; that on the 7th of said September, he took the lease and went into the premises, and stated to the defendant and to his wife, that he came as the agent of the plaintiffs, and claimed to enter and take possession for breach of the condition of the lease; that he did so enter, and ordered all the tenants whom he found there to depart.

Upon this evidence, the defendant contended, and requested the judge to rule, that the plaintiffs could not maintain this action; but the judge ruled otherwise, and the jury returned a verdict for the plaintiffs. The defendant alleged exceptions to the judge's ruling.

*Wheelock*, for the defendant.

*Welch*, for the plaintiffs.

WILDE, J. This action is founded on the Rev. Sts. *c.* 104, § 2, which provide, that "when the lessee of any lands and tenements, or any person holding under such lessee, shall hold possession of the demised premises without right, after the determination of the lease, either by its own limitation or by a notice to quit, as provided in the 60th chapter, the person entitled to the premises may be restored to the possession thereof, in the manner provided" in the said 104th chapter. And the principal question in this case is, whether the defendant, at the time of the commencement of the action, did hold possession of the demised premises without right, after the determination of the lease by its own limitation; for no notice to quit, as provided in the 60th chapter, was proved or alleged. The lease under which the defendant held a part of the demised premises, as under tenant of Alfred Randall, the lessee, was for the term of five years, which had not expired when this action was commenced. But the plaintiffs' counsel relies on a proviso in the lease, which, it is contended, is to be construed as a conditional limitation of the estate demised; and if so, undoubtedly this summary process may be well maintained. [Here the proviso, as above set forth, was

9*

recited by the judge.]   The question then is, whether the
words of this proviso are words of condition or conditiona₁
limitation.   The distinction is correctly laid down by Black-
stone, as cited by the defendant's counsel :  " When an estate
is so expressly confined and limited by the words of its crea-
tion, that it cannot endure for any longer time than till the
contingency happens upon which the estate is to fail, this is
denominated a limitation ; as when land is granted to a man,
*so long as* he is parson of Dale, or *while* he continues unmar-
ried, or *until,* out of the rents and profits, he shall have made
£500, and the like.   In such case, the estate determines as soon
as the contingency happens, and the next subsequent estate,
which depends on such determination, becomes immediately
vested, without any act to be done by him who is next in ex-
pectancy.   But when an estate is, strictly speaking, on *condi-
tion in deed,* (as if granted expressly *upon condition* to be void
upon the payment of £40 by the grantor, &c.) the law per-
mits it to endure beyond the time when such contingency
happens, unless the grantor, or his heirs or assigns, take ad-
vantage of the breach of the condition, and make either an
entry or claim in order to avoid the estate."   2 Bl. Com. 155.
According to this distinction, which is fully supported by the
authorities, it seems quite clear that the words of the proviso
in the plaintiff's lease created an estate on condition, and can-
not be construed as words of limitation.   The estate of the
lessee was not to cease or become forfeited by his non-per-
formance of the condition, before the entry of the lessors ;
and if no such entry had been made, the estate of the lessee
would have continued to the end of the term.   So if the
lessors had, after the breach of the condition by non-payment
of rent, accepted the rent in arrear, it would have been a
waiver of the forfeiture, after which the lessors could not
enter for the breach of the condition ; and so is the language
of the proviso.   The provision is, that after the breach of
the condition by the lessee's non-performance of any of his
covenants, " the lessors may, lawfully, immediately, or at any
time whilst such neglect or default continues, and without

further notice or demand, enter into and upon the said prem ises, and repossess the same as of their former estate.' Until entry, therefore, the lessee's estate continued, notwith-standing the breach of the condition. By the words of the proviso, the lessee's estate is expressly declared to be an estate upon condition ; and Lord Coke says, in *Mary Portington's case*, 10 Co. 41, that if there be express words of condition annexed to the estate, it cannot be construed a limitation. But this rule of construction was denied by Lord Hale, in *Lady Anne Fry's case*, 1 Vent. 202, 203, to be law in all cases ; for, as he held, although the words be proper to create a condition, yet if, upon the non-performance thereof, the estate be limited over to another person, this shall be a limita-tion ; for it shall not be in the power of the grantor or lessor, by his not claiming or entering, to defeat the interest of such person. And this seems to be a well founded exception to the general rule of construction as laid down by Lord Coke ; but it is not applicable to the present case. 2 Wooddeson, 143, 144. Bac. Ab. Conditions, H. 2 Crabb on Real Prop-erty, § 2136. *Stearns* v. *Godfrey*, 4 Shepley, 158. No right is reserved to the plaintiffs, except to repossess their former estate by entry after condition broken. It therefore follows, conclusively, that the lessee's estate was not determined by the limitation in the lease, but by the lessors' entry for con-dition broken, if that was legally made. On the question, whether it was legally made, though argued by the counsel, it is not necessary to give an opinion. For if the condition was valid and the entry of the plaintiffs lawful, yet they are not entitled to maintain this summary process under the statute, to recover possession.[*]

---

[*] By *St.* 1847, *c.* 267, §§ 1, 2, in all cases of neglect or refusal to pay the rent due, according to the terms of any written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to de-termine the lease ; and whenever any lease shall be so determined, the lessor, or his assigns, may recover possession of the demised premises, by the process provided by the Rev. Sts. *c.* 104, in cases of forcible entry and detainer : Pro-vided, however, that if the tenant shall pay or tender to the landlord the rent due, with interest thereon, at any time before final judgment under said pro cess, the lease shall be and continue in full force.